UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

L Squared Construction LLC,  Case No. 3:18-cv-1654

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Perry's Heating & Cooling, *et al.*,

    Defendants.

Plaintiff L Squared Construction LLC filed suit on July 18, 2018, after Defendants Perry's Heating & Cooling and Kenneth Perry, failed to perform certain duties under two construction subcontracts. Though L Squared completed service of the complaint upon both Defendants, neither filed an answer and L Squared filed a motion for default and for default judgment pursuant to Rule 55. (Doc. No. 12). The Clerk of Court entered default on January 14, 2019. (Doc. No. 13). A hearing on L Squared's motion was held on February 28, 2019. No defendant appeared at the hearing.

A court may enter a default judgment pursuant to Rule 55(b)(2), which provides, in these circumstances, that "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 5089419, at *1 (S.D. Ohio Oct. 9, 2014) (citation omitted).

The allegations of the complaint, when taken as true, demonstrate Defendants breached contracts between themselves and L Squared, and committed fraud in intentionally attempting to

mislead L Squared regarding Defendants' performance of their contractual duties. (*See* Doc. No. 1 at 2-8). Further, L Squared is entitled to punitive damages as a result of Defendants' fraudulent conduct.

During the February 28, 2019 hearing, L Squared presented additional evidence of Defendants' fraudulent conduct in attempting to mislead L Squared as to Defendants' performance of their contractual duties. (*See* Plaintiff's Exhibit 1). L Squared also presented evidence regarding the amount of damages it has suffered as a result of Defendants' breach of the parties' contracts and Defendants' fraudulent conduct. (*See* Plaintiff's Exhibit 2). I conclude L Squared is entitled to $60,702.14 in compensatory damages as a result of Defendants' breach of contract and fraud.[1]

I also conclude Defendants' fraudulent conduct warrants the imposition of punitive damages in an amount equal to two times the compensatory damages to which L Squared is entitled. I award L Squared punitive damages in the amount of $121,404.28.

Additionally, I conclude L Squared is entitled to an award of attorney fees pursuant to the parties' contractual agreement. (*See, e.g.,* Doc. No. 1-3 at 13). Pursuant to my request, L Squared has supplemented its fee request to include attorney preparation for, and attendance at, the February 28, 2019 hearing. (Doc. No. 15-1). L Squared documents a total of 41.70 attorney hours, 23.30 of which are billed at a rate of $360 per hour and 18.40 of which are billed at a rate of $325 per hour. After reviewing the affidavits and records submitted, I conclude the fees requested are reasonable. *See, e.g., Hensley v. Eckerhart*, 4691 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly

---

[1] The amount of compensatory damages includes the amount paid to Defendants for work they did not do ($30,060.00), the cost of the replacement contracts less the original contract price ($19,852.24), the additional costs arising from the extended completion of the project, including overhead and onsite office costs ($9,958.00), and service and court costs ($831.90).

rates."). I conclude L Squared is entitled to its requested attorney's fees in the amount of $14,400.50. (Doc. No. 15-1).

I also conclude L Squared is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a), and to pre-judgment interest on the amount of compensatory damages L Squared incurred as a result of Defendants' breach of contract and fraudulent conduct. *See, e.g., Brown v. Consol. Rail Corp.*, 614 F. Supp. 289, 291 (N.D. Ohio 1985) ("[P]rejudgment interest is a means by which a party who is entitled to an award can collect the proceeds from funds he presumably would have had the use of had it not been for defendant's conduct.").

Finally, I dismiss Count III of L Squared's complaint, asserting a cause of action for unjust enrichment/quantum meruit, because the parties' relationship is governed by contract. *See, e.g., Gallo v. Westfield Nat'l Ins. Co.,* 2009 WL 625522, at *3 (Ohio Ct. App. March 12, 2009) (affirming trial court's dismissal of unjust enrichment claim where "[n]o party" disputed the existence of a contract governing the issues in the case).

For these reasons, L Squared's motion for default judgment, (Doc. No. 12), is granted as to Counts I, II, and IV, and denied as to Count III of its Complaint. I conclude L Squared is entitled to $60,702.14 in compensatory damages, $121,404.28 in punitive damages, $14,400.50 in attorney fees, pre-judgment interest on its compensatory damages, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a). Count III of the Complaint is dismissed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3